IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D&M HOLDINGS, INC., et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 16-141-RGA |
| SONOS, INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Plaintiffs moved to strike various portions of the expert opinions of two of Defendant's expert witnesses. (D.I. 187). The briefing adequately sets forth the arguments. (D.I. 188, 225, 246). There is no need for oral argument.

Defendant's damages expert is Michael Tate. Plaintiffs move to exclude his opinion on what the royalty base should be (in relation to the '294 patent). Plaintiffs argue Mr. Tate bases his opinions on his own conclusions about which of Defendant's products are infringing. Mr. Tate is a damages expert. He will not be allowed to render opinions at trial on which products infringe and which do not. That is a question for technical experts. If Defendant's technical expert offers opinions that provide a factual basis for concluding that some of Defendant's products infringe and others do not, Mr. Tate will be allowed to testify consistent with the opinions. In particular, if Defendant's technical expert testifies that there can be no infringement unless there are at least four of Defendant's products, Mr. Tate may have a basis for his calculation of a royalty base based on that assumption. In any event, I do not view this issue as a *Daubert* issue. I view it as a relevance issue, and I will rule on objections based on it, as

necessary, at trial. On this issue, the motion to strike is **DENIED**.

Plaintiffs state that Mr. Tate has offered opinions on copying. Defendant counters that Mr. Tate "will not provide an opinion that D&M copied Sonos in this case." (D.I. 225, p.8). Defendant adds a further paragraph in its briefing after making the above representation. I am not sure what its point in the further paragraph is, even though I accept literally what it says, which is, the parties have "similar technology" and that this may be relevant to the so-called KPMG study. I cannot at this point tell what is relevant to what, and I do not see the need to strike any of Mr. Tate's opinions that include the word "copy" or some variant thereof. Nevertheless, absent my express permission, Mr. Tate is not to testify to copying or to imply copying during his trial testimony.[1] On this issue, the motion to strike is **DISMISSED** as moot in light of Defendant's representation.

Plaintiffs state that Dr. Kevin Almeroth, Defendant's technical expert, has offered opinions based on his claim constructions of terms that would otherwise be afforded their plain meaning. These arguments relate to the "group" (D.I. 188, pp. 12-13) or "zone" (D.I. 225, p.13) terms meaning a "virtual device" and to the "device control signal." On "group" or "zone," Defendant's response makes clear that Dr. Almeroth has done claim construction. Dr. Almeroth cites the specification and prosecution history as providing a basis for his meanings. (*See id.*, pp. 13-14). This is claim construction. *See EMC Corp. v. Pure Storage, Inc.*, 2016 WL 775742, *3-4 (D.Del. Feb. 25, 2016). On the "device control signal," Defendant says Dr. Almeroth is not using a claim construction that I already rejected, as stated by Plaintiffs. Instead, he is doing claim construction on "providing." (D.I. 225, p.16). Plaintiffs dispute Defendant's assertion that

---

[1] I do not see testimony about "similar technology" as implying copying, but Defendant needs to exercise caution, because if I have to declare a mistrial (or later grant a new trial) because of Mr. Tate's testimony, Defendant would be required to pay the costs of a retrial.

Dr. Almeroth is accepting the Court's construction on "device control signal." The parties agree that my claim construction relevant to "device control signal" (D.I. 137, pp. 21-23; D.I. 141, p.4) means that, in order to meet the claims, device control signals must be provided to at least two devices, one of which can be the group leader. (D.I. 188, p.13; D.I. 225, p.15; D.I. 246, p.9). The parties cite a limited number of paragraphs in Dr. Almeroth's rebuttal report for their arguments that he did or did not follow the claim construction. (D.I. 188, p.13, citing D.I. 189-1, Exh. 5, ¶ 278; D.I. 225, p.15, citing D.I. 189-1, Exh. 5, ¶¶277-79; D.I. 246, p.8, citing D.I. 189-1, Exh. 5, ¶ 275).

Dr. Almeroth cannot do claim construction. Only the court can. And, as ordered at the recent oral argument, now that these claim construction disputes have been identified, I have set a briefing schedule (D.I. 273), and I will resolve the disputes. Thus, I will **STRIKE** the two identified claim constructions (*i.e.*, "group"/"zone" and "providing"). Whether I strike any other opinions will depend on what I do by way of claim construction. If I reach the same conclusions that Dr. Almeroth reached, presumably his substantive testimony will remain. If I reach different conclusions, he will not be allowed to provide testimony inconsistent with those opinions. When I have done claim construction, the parties should promptly submit a joint status report advising how it impacts Dr. Almeroth's opinions.

As noted, the parties have cited to four paragraphs (D.I. 189-1, Exh. 5, ¶¶ 275, 277-79) in support of their arguments that Dr. Almeroth is, or is not, being consistent with what I have already done in claim construction. In particular, the parties dispute whether Dr. Almeroth has been faithful to the claim construction for "device control signal." I do not think Dr. Almeroth's report is contrary to my claim construction to date, but I do note that those paragraphs, particularly ¶277, contain substantial additional claim construction, which is being addressed in

the supplemental briefing. (*E.g.*, D.I. 280). Thus, while some of what is in the four paragraphs may be objectionable, it is not objectionable for failure to follow the claim construction to date.

The last issue raised relates to Dr. Almeroth's reliance on information provided to him by a Sonos employee named Nick Millington. (D.I. 188, p.14). Plaintiffs state that the information is not sufficiently described by Dr. Almeroth. In their opening brief, Plaintiffs cite twenty-four paragraphs of his expert report as examples, but with no real analysis other than stating that it is insufficient for him to say his opinions are "based on" conversations with Mr. Millington. (*Id.*). Plaintiffs appear to have noticed Dr. Almeroth's deposition for February 16, 2018. (D.I. 265). I expect they will then have the opportunity to explore the bases for Dr. Almeroth's opinions. Defendant also represents that it expects to call Mr. Millington as a trial witness. (D.I. 225, p.20). Defendant cites the same twenty-four paragraphs, but actually quote the first of them in full in its brief. (*Id.*, p.17). The quoted paragraph discloses the subject matter of the conversation sufficiently. Perhaps Plaintiffs recognize this, as, in the reply brief, Plaintiffs' string cite is reduced to eleven of the previously cited twenty-four paragraphs, and does not include the one that Defendant quoted in full. (D.I. 246, p.9). In the reply brief, Plaintiffs choose to highlight two of the now-eleven paragraphs. One of the two, ¶ 473, states, "[B]ased on my review of Sonos's internal documents and source code as well as my discussions with Mr. Millington, it is my understanding that a Sonos System does not use 'embedded metadata' for any audio content received from a third-party music service." (D.I. 189-1, Exh. 5, p.194). I do not see any problem here. It is pretty clear what Mr. Millington told Dr. Almeroth. If Plaintiffs want to cross-examine Mr. Millington or Dr. Almeroth or both on this paragraph, they know

what to ask, either at deposition or at trial. I do not see improper reliance on hearsay evidence.[2]

Thus, on this last issue, the motion to strike is **DENIED**.

IT IS SO ORDERED this 6 day of February 2018.

*Richard G. Andrews*
United States District Judge

---

[2] In the reply brief, Plaintiffs make additional arguments not made in the opening brief, stating that the source code and/or internal documentation is insufficiently identified, and seeking alternative relief of another deposition of Mr. Millington. (D.I. 246, pp.9-10). Reply briefs are not the place to be making new arguments.